IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. THOMAS ADAMS | ) ) ) ) |  |
|  | ) | Case No. 11 C 691 |
| Petitioner, | ) |  |
| v. | ) | Judge Virginia M. Kendall |
|  | ) |  |
| NEDRA CHANDLER, Warden | ) ) |  |
| Respondent. | ) |  |

## MEMORANDUM OPINION AND ORDER

Petitioner Thomas Adams ("Adams") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Nedra Chandler ("Chandler"), Warden of the Dixon Correctional Center, moves to dismiss the petition as untimely. For the following reasons, the Court grants Chandler's Motion to Dismiss with prejudice.

## BACKGROUND

The Court adopts the undisputed underlying facts set forth by the Illinois appellate court. *See* 28 U.S.C. § 2254(e)(1); *see also Virsnieks v. Smith*, 521 F.3d 707, 714 (7th Cir. 2008).

On August 15, 2001, Adams pled guilty to unlawful possession of a stolen motor vehicle and reckless homicide. (Doc. 14, Ex. A at C360-61.) The Court sentenced Adams to a twenty-five year term of imprisonment for reckless homicide pursuant to 720 ILCS 5/9-3(a), (e-5), and an eight-year concurrent sentence for unlawful possession of a stolen motor vehicle pursuant to 625 ILCS 5/4-103(a)(1). (*Id.* at C489; Ex. F at C95-96.) Adams filed a motion to reconsider his sentence on September 11, 2011, which the trial court denied on October 2, 2001. (Doc. 14, Ex. B at 2.) The Illinois appellate court affirmed the sentence on June 9, 2003, but awarded a

sentence credit. (Doc. 14, Ex. C at 2.) Following this ruling, Adams did not seek leave to appeal to the Supreme Court of Illinois or the United States Supreme Court.

Four years later, on November 15, 2007[1], Adams filed a pro se post-conviction petition, arguing that the Supreme Court of Illinois, in *People v. Pomykala*, 784 N.E.2d 784 (Ill. 2003), struck down a portion of the reckless homicide statute, rendering his sentence invalid. (Doc. 14, Ex. D at C31.) Adams also alleged that his sentence was excessive when compared to others convicted of reckless homicide. (*Id.* at C36.) The state trial court denied the post-conviction petition on February 21, 2008. (*Id.* at C65.) Adams timely appealed the trial court decision and the Illinois appellate court affirmed the dismissal on March 3, 2010. (Doc. 14, Ex. B.) The Supreme Court of Illinois affirmed that decision on May 26, 2010. *See People v. Adams*, 932 N.E.2d 1031 (Ill. 2010). Adams did not petition the United States Supreme Court for a writ of certiorari.

Eight months later, on January 26, 2011, Adams filed the present petition for writ of habeas corpus.

## DISCUSSION

### I. Timeliness of the Petition

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a 1–year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. 2244(d)(1). As is relevant here, the statute begins to run from the latest of: the date on which the judgment became final by the conclusion

---

[1] There are several dates listed in the record as the date that Adams filed his post-conviction petition, including October 17, 2007. (Doc. 14, Ex. B at 2.) Adams, however, asserts that the motion was placed into the mail on November 15, 2007. (Doc. 14, Ex. D at C62.) As such, the Court will use the November 15, 2007 date. *See Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999) (extending mailbox rule to pro se habeas petitions).

of direct review or the expiration of the time for seeking such review; the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id*.

### A. Final Judgment

Here, the Illinois appellate court affirmed Adams's sentence on June 9, 2003, and Adams had twenty-one days to appeal that decision to the Supreme Court of Illinois.[2] Adams did not pursue an appeal, and as such, his conviction became final on June 30, 2003. Accordingly, Adams had one year of untolled time—until June 30, 2004—to file his habeas petition.

Instead, over three years past that deadline, on November 15, 2007, Adams filed a post-conviction petition. Adams now argues that his January 26, 2011 habeas petition was timely filed because his post-conviction petition remained before Illinois courts until May 26, 2010. Adams, however, is mistaken. A post-conviction petition merely excludes time from the tolling period, it does not restart the period. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009); *see also Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005) (finding that a state collateral proceeding after the one-year statute has expired does not have an effect under § 2244(d)(2)). Moreover, the one-year statute had expired over three years before Adams filed his post-conviction petition. As such, his post-conviction petition does not restart his tolling period and his habeas petition is time-barred by over three years.

---

[2] The Illinois Supreme Court Rules were updated in 2006 to provide 35 days to appeal an appellate court decision to the Illinois Supreme Court.

B. **Newly Recognized Constitutional Right**

Adams argues in the alternative that *Pomykala* represented a new constitutional right recognized by the courts that should form the basis of the one-year AEDPA statute of limitations under § 2244(d)(1)(C).

On January 24, 2004, the Supreme Court of Illinois excised § 9-3(b) of the Illinois Involuntary Manslaughter and Reckless Homicide Statute, 720 ILCS 5/9-3 ("Reckless Homicide Statute") because it created an "unconstitutional mandatory presumption of recklessness." *Pomykala*, 784 N.E.2d at 791. The Supreme Court of Illinois explicitly left the remaining sections of the Reckless Homicide Statute intact. *See id*.

Here, Adams claims that the Supreme Court of Illinois's finding that § 9-3(b) of the Reckless Homicide Statute was unconstitutional renders his sentence invalid. As an initial matter, Adams pled guilty to subsections § 9-3(a) and § 9-3(e-5) of the Reckless Homicide Statute, which the *Pomykala* court specifically did not invalidate. *See id*. (concluding that § 9-3(b) "may be severed from the remainder of the statute" and noting that "the sentencing provisions in subsections (e) and (e-5)" remain "available to the trial court."). Moreover, the invalidation of a subsection of a state law Reckless Homicide Statute by the Supreme Court of Illinois does not constitute a factual predicate that would restart tolling under § 2254(d)(1)(D) because the AEDPA requires a right that has been newly recognized by the Supreme Court of the United States and made retroactively applicable. *See Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007) ("[W]e do not find that a state court decision modifying substantive law constitutes a factual predicate under § 2244(d)(1)(D) justifying a new one-year limitations period.") (internal quotations omitted). Adams does not allege that the Supreme Court of the United States found

any section of the Reckless Homicide Statute unconstitutional or made such a finding retroactively applicable. In addition, even if the *Pomykala* decision did constitute a factual predicate to restart tolling, it was decided on January 24, 2003—before Adams's conviction became final. As such, Adams's reliance on *Pomykala* is unavailing because his habeas petition was still filed well after the one-year statute of limitations expired under the AEDPA even if the Court were to use the *Pomykala* decision as a factual predicate.

For the reasons stated, Adams's habeas petition is time-barred.

**II.      Equitable Tolling**

Notwithstanding Harrison's failure to timely file his petition, the Court considers whether the doctrine of equitable tolling applies. *See Holland v. Fla.*, 130 S.Ct. 2549, 2562 (2010) (holding that § 2244(d)(1) is subject to equitable tolling). If a petitioner is able to establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance outside of the petitioner's control stood in his way and prevented timely filing without any fault of his own, he is entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The circumstances alleged by the petitioner must be truly "extraordinary" in order to warrant the application of equitable tolling. *See Tucker v. Kingston*, 538 F.3d 732 (7th Cir. 2008) (holding that limited resources or the lack of legal expertise are insufficient to invoke equitable tolling); *Jones v. Hulick*, 449 F.3d 784 (7th Cir. 2006) (denying to apply equitable tolling when the petitioner had been placed in segregation for sixty days without access to the law library, and as a result was twenty days late in filing his habeas petition); *U.S. v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (declining to apply equitable tolling when the petition was one day late and the petitioner's attorney's father died two weeks prior).

Here, Adams attempts to excuse his delay by claiming that he frequently experienced 30-day lockdown periods at the Stateville Correctional Center; that he was placed in segregation for a five-month period beginning January 6, 2004; that he lost boxes containing his legal documents and transcripts while he was transferred from one facility to another; and that he lacked the necessary resources to replace his lost legal documents and transcripts. Adams, however, fails to describe these obstacles—particularly those that occurred within the one-year statute of limitations, such as his five month period of segregation—with sufficient particularity to demonstrate that he pursued his rights diligently. *See Jones*, 449 F.3d at 789 (finding petitioner's limited access to prison law library after being placed in segregation during the limitations period insufficient to warrant equitable tolling). The Court therefore finds the doctrine of equitable tolling inapplicable because the obstacles Adams faced were not extraordinary nor were Adams's attempts diligent.

## III.     Certificate of Appealability

Unless the Court issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A). "Only if the applicant has made a substantial showing of the denial of a constitutional right" can the Court issue the certificate. *Id*. § 2253(c)(2). Where, as here, the Court dismisses Adams's habeas petition on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reasonable would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473,

485 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. at 484.

Here, counting either his final conviction or the *Pomykala* decision as the date on which his statute of limitations began to run, Adams's habeas petition was filed over three years after the expiration of the one-year statute of limitations period provided by 28 U.S.C. § 2244(d). As such, no reasonable jurist could conclude that the Court has erred in dismissing the petition as time-barred. The Court therefore denies Adams a certificate of appealability because there is no reasonable argument that Adams's petition is timely.

## **CONCLUSION**

For the reasons stated, the Court grants Chandler's Motion to Dismiss Adams's petition for writ of habeas corpus as time-barred pursuant to 28 U.S.C. § 2244(d). The Court dismisses Adams's petition with prejudice and denies Adams a certificate of appealability.

So ordered.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: August 10, 2011